IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

LAUREL COPPOCK,
                **Plaintiff,**

-vs-                                          Case No. A-12-CA-953-SS

NATIONAL SEATING AND MOBILITY, INC.;
PERMOBIL, INC.; and LINAK U.S., INC.,
                **Defendants.**

## ORDER

BE IT REMEMBERED on the 9th day of April 2015, the Court held a hearing in the above-styled cause, and the parties appeared by and through counsel. Before the Court are Defendant Linak U.S., Inc.'s Motion for Summary Judgment [#44], Plaintiff Laurel Coppock's Amended Response [#49], and Linak U.S.'s Reply [#54]; Coppock's Second Motion for Leave to Amend Complaint [#47] and Linak U.S.'s Response [#55]; Coppock's Motion for Extension of Time to File Response [#48]; Defendant National Seating and Mobility, Inc. (NSM)'s No-Evidence Motion for Summary Judgment [#58], Coppock's Response [#61], and NSM's Reply [#62]; and NSM's Motion for Leave to File Amended Answer to Plaintiff's Second Amended Complaint [#59] and Coppock's Response [#61]. Having reviewed the documents, the relevant law, the parties' arguments at the hearing, and the file as a whole, the Court now enters the following opinion and orders.

### Background

This is a diversity suit for personal injuries and property damages based on the failure of an actuator, which controlled the tilt-level mechanism in an electric wheelchair. The malfunction broke

Plaintiff Coppock's hip and leg in a way which required the permanent removal of the upper part of her femur. Coppock filed this lawsuit in October 2012 against Defendants NSM and Permobil, Inc. Compl. [#1]. Permobil is the manufacturer and distributor of the wheelchair, and Coppock purchased the wheelchair through NSM, which also performed maintenance and repair work on the wheelchair. Coppock did not request the issuance of summons until February 2013, and the summons were returned executed on February 21, 2013. On March 20, 2013, Coppock filed a First Amended Complaint [#17], and on April 18, 2013, the Court entered a scheduling order, including an amended pleadings deadline of January 17, 2014, a discovery deadline of April 1, 2014, and a trial month of August 2014. *See* Order of Apr. 18, 2013 [#24].

On February 13, 2014, the parties filed agreed motions to amend the scheduling order and to amend the complaint. At the hearing, the parties explained they conducted a joint testing of the wheelchair in January 2014. Coppock, NSM, Permobil, and another entity, Linak U.S., were present. According to Coppock, Permobil had disclosed Linak U.S. as the manufacturer of the actuator part of the wheelchair. The results of the testing revealed the actuator part had a defect which likely contributed to the incident causing Coppock's injuries. The parties agreed Linak U.S. should be added to the case, which explained the parties' joint motions to amend the complaint and the scheduling order. The Court held a hearing on February 28, 2014, to explain to the parties the implications of setting aside their trial date given this Court's busy docket. The parties indicated they understood, and the Court granted their motions. *See* Order of Mar. 17, 2014 [#32]. The Second Amended Complaint added Linak U.S., Inc. as a defendant. *See* Second Am. Compl. [#33]. The Amended Scheduling Order included an amended pleadings deadline of September 17, 2014,

a discovery deadline of April 1, 2015, and a trial month of September 2015. *See* Order of Mar. 17, 2014 [#34].

On January 26, 2015, NSM moved for partial summary judgment regarding the design allegations against it, and the Court granted the motion based on Coppock's failure to put forth any evidentiary basis for denial. *See* Order of Feb. 19, 2015 [#43]. On March 4, 2015, Linak U.S. moved for summary judgment on the ground it did not design, manufacture, sell, or distribute the actuator. *See* Mot. Summ. J. [#44]. Instead of disputing this fact, Coppock filed a response seeking (1) permission to add Linak A/S, the parent of Linak U.S., as a defendant; and (2) additional time to provide proof that either Linak A/S or Linak U.S. is the manufacturer of the actuator. *See* Am. Resp. [#49] at 1. Coppock also filed a motion for leave to amend the complaint in order to add Linak A/S as a defendant. *See* Second Mot. Leave Amend Compl. [#47]. In so doing, Coppock indicated her understanding that an amended complaint would again mean the postponement of her trial date of September 2015 (originally August 2014).

In addition to the above pending motions from Linak U.S. and Coppock, NSM has also filed a motion for summary judgment and a motion for leave to file an amended answer.

## Analysis

### A.   Coppock's Motion for Leave to Amend

The Court first addresses Coppock's motion for leave to amend her complaint. Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that to amend pleadings outside the "matter of course" provisions of Rule 15(a)(1) requires leave of court. Rule 16(b)(4) provides that when such leave is requested after the time to do so in the court's scheduling order, the party must show good cause for modification of the scheduling order. Coppock's proposed amendment is well after the

scheduling order deadline and thus falls within the "good cause" requirements of Rule 16(b). In determining good cause, courts consider four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546–47 (5th Cir. 2003). That four part analysis is not rigidly applied; for example, a failure to properly account for delay in seeking amendment can outweigh the other factors and on its own support denial of leave. *EEOC v. Serv. Temps Inc.*, 679 F.3d 323, 334 (5th Cir. 2012).

In exercising its discretion, the trial court may also consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). "When there has been an apparent lack of diligence, the burden shifts to the movant to prove that the delay was due to excusable neglect." *Chitimacha Tribe v. Harry L. Laws Co.*, 690 F.2d 1157, 1163 (5th Cir. 1982); *see also* FED. R. CIV. P. 6(b).

Although Coppock filed this lawsuit approximately two and a half years ago, she still has been unable to determine who manufactured the actuator. Coppock took nearly a year and half to have testing done on the wheelchair, which was performed under the control of the defendants, where she figured out the actuator had actually failed. Coppock sought and was granted leave to amend her complaint in order to add Linak U.S. because that was the entity which had supposedly manufactured the actuator. Now, a year later, Coppock returns to the Court because she is not sure if Linak U.S. manufactured the actuator, and she wants to amend the complaint again to add Linak

A/S. Furthermore, she requests time and discovery to figure out the Linak corporate structure and determine the actual manufacturer of the actuator at issue. The relevant deadlines in the scheduling order have passed as the amended pleadings deadline was September 17, 2014, and discovery closed on April 1, 2015. Coppock makes her untimely requests to amend even though Linak U.S. notified Coppock in its Original Answer on June 2, 2014:

> Defendant is not a proper party to this lawsuit because it did not manufacture, distribute, or sell any part in question in this lawsuit. Pursuant to Chapter 82 of the Texas Civil Practice and Remedies Code, this Defendant is not a manufacturer or seller of the product at issue and did not manufacture, design, participate in the design of, alter, modify, install, distribute or sell the product complained of.

Linak U.S.'s Answer [#35] ¶ 43.

Coppock simply provides no good reason for her failure to diligently prosecute this case or move to amend at an earlier date. Although not entirely clear, the amendment would appear to be potentially important to Coppock's claims, which weighs in favor of allowing the amendment. The Court, however, has previously allowed multiple amended pleadings and scheduling orders, including moving the trial date once already, and at some point the defendants deserve resolution of a case filed in the fall of 2012, especially when the case is a fairly straightforward and uncomplicated products liability and negligence action. To permit the amendment would likely mean yet another trial continuance. The Court is currently setting cases for early 2017 and cannot simply grant a continuance for a few months to allow Coppock to conduct discovery she neglected to do pursuant to the scheduling order.

Coppock has failed to show good cause for her untimely request to file an amended complaint, and the Court DENIES her motion for leave to add Linak A/S as a defendant in this case.

### B.     Linak U.S.'s Motion for Summary Judgment

Linak U.S.'s motion is simple: because it did not design, manufacture, sell, or distribute the actuator, Coppock's claims against Linak U.S. fail. Linak U.S. provides a sworn declaration from an authorized representative stating Linak U.S. did not design, manufacture, sell, or distribute the actuator. *See* Mot. Summ. J. [#44-1] Ex. A (Genske Decl.). In responding to the motion, Coppock does not bring forth any evidence to dispute this fact. Instead, Coppock's strategy is to request leave to add Linak A/S as a party and more time to determine who actually designed, manufactured, sold, or distributed the actuator. For reasons already explained, the Court is not allowing Coppock to amend her pleadings at this stage of the litigation. As a result, the record is undisputed Linak U.S. did not make the actuator at issue, and therefore the Court GRANTS Linak U.S.'s motion for summary judgment.

### C.     NSM's Motion for Summary Judgment

Coppock has asserted the following claims against NSM: (1) products liability claims under Chapter 82 of the Texas Civil Practice and Remedies Code; (2) a negligence claim based on NSM's alleged failure to use ordinary care in repairing the wheelchair; (3) a breach of the warranty to provide good and workmanlike services in performing repairs on the wheelchair; (4) a breach of the warranty that the parts in question were fit for the particular purpose for which they were selected; (5) a breach of the warranty that the parts in question and the chair were suitable for the ordinary purposes for which they were intended; and (6) a generic claim under § 17.46 of the Texas Deceptive Trade Practices Act (DTPA). *See* Second Am. Compl. [#17] ¶¶ 33–37, 39. NSM has a filed a "no evidence" motion for partial summary judgment, arguing there is no evidence to support claims (1), (2), (3), and (6).

In her response, Coppock agrees with portions of NSM's motion for summary judgment while disputing other sections. Specifically, Coppock agrees there is no evidence to support her products liability claims under §§ 82.003(a)(2) and (a)(6), her negligence claim, and her claim for breach of the warranty of good and workmanlike services. *See* Resp. [#61] ¶ 4. As such, NSM is entitled to summary judgment on those claims. Coppock does not agree, however, there is no evidence to support her claims under §§ 82.003(a)(3), (a)(5), and (a)(7)(B). *Id.* ¶ 6. Coppock also disagrees there is no evidence to support her claims under the DTPA, for breach of the warranty of suitability for ordinary purposes, and for breach of the warranty of fitness for a particular purpose. *Id.* ¶ 5.

As evidence in support of her response, Coppock first supposedly attached as Exhibit 1 the deposition of an NSM manager, Britt Sitzes, but Coppock's lawyer actually failed to provide any deposition at all. *See* Resp. [#61] ¶ 10; *id.* [#61-1] Ex. 1. As Exhibit 2, Coppock's lawyer attaches thirty-five pages, roughly half of which are documents apparently indicating Sitzes's qualifications. The other half are random blank pages that are blacked out in varying patterns as if samples in a Rorschach inkblot test. *Id.* [#61-2] Ex. 2. Attached as Exhibit 3 are excerpts of Coppock's deposition. *Id.* [#61-3] Ex. 3. Finally, Exhibit 4 is a collection of some of Coppock's medical records, documenting her injury, surgery, and rehabilitation. *Id.* [#61-4] Ex. 4.

First, the Court considers Coppock's products liability claims for which she argues there are disputed facts. Section 82.003(a)(3) imposes liability on a nonmanufacturing seller that "installed the product . . . on another product, and the claimant's harm resulted from the product's installation onto the assembled product." TEX. CIV. PRAC. & REM. CODE § 82.003(a)(3). NSM does not dispute it made repairs to the actuator in response to Coppock's complaints the backward-and-forward tilt

function of her wheelchair stopped working. *See* NSM's Mot. Summ. J. [#58] at 5. Coppock, however, provides no evidence NSM's work amounted to installation of a product, much less "installation" within the meaning of § 82.003(a)(3). In addition, Coppock provides no evidence her harm resulted from the installation of a product. Instead, Coppock's allegations focus on the defectiveness of the actuator as the cause of her injuries, not its installation. *See* Second Am. Compl. [#33]. Based on a lack of evidence, the Court grants summary judgment to NSM on Coppock's claim under § 82.003(a)(3).

Concerning any claims pursuant to §§ 82.003(a)(5) and (a)(7), Coppock argues in her response there has not been adequate time for discovery, and therefore summary judgment should not be granted on these claims. *See* Resp. [#61] at 3–4. Coppock, however, did not assert claims under §§ 82.003(a)(5) and (a)(7) in her Second Amended Complaint as she only asserted claims under §§ 82.003(a)(1),[1] (a)(2), (a)(3), and (a)(6). *See* Second Am. Compl. [#33] ¶ 33. Therefore, the Court will not address these unpled claims. The Court, for reasons already explained, also rejects Coppock's request to amend her complaint and pursue these new claims with the benefit of more discovery.

Second, the Court examines Coppock's claims under the DTPA and her claims for breaches of the warranties of fitness for a particular purpose and suitability for ordinary purposes. As for the "breach of warranty" claims, NSM makes clear it has not moved for summary judgment on those claims, and the Court therefore does not address them. *See* Reply [#62] ¶ 3. Concerning the DTPA claim, Coppock again seeks to amend her complaint to include the alleged breaches of warranties

---

[1] The Court previously granted NSM summary judgment on Coppock's claim under § 82.003(a)(1). *See* Order of Feb. 19, 2015 [#43]. Just as with this order, the Court's rationale was largely based on Coppock's total failure to provide any evidentiary opposition, much less evidence actually creating a fact issue.

as violations of the DTPA under §§ 17.50(1) and (2). Yet Coppock did not assert violations of §§ 17.50(1) and (2) and only asserted violations of § 17.46. *See* Second Am. Compl. [#33] ¶ 39. Furthermore, as already explained, the Court will not allow Coppock to amend her pleading this late in the game with no showing of good cause. Therefore, the Court will treat Coppock's two remaining breach of warranty claims (suitability for ordinary purposes and fitness for a particular purpose) as standalone causes of action; they are not pleaded as violations of the DTPA.

Turning to the actually pleaded § 17.46, to establish a violation of the DTPA, a plaintiff must prove: (1) the defendant engaged in an act or practice that violated § 17.46(b); (2) the plaintiff relied on the act or practice to his or her detriment; and (3) the defendant's act or practice was a producing cause of actual damages. *Miller v. LandAmerica Lawyers Title of El Paso*, 362 S.W.3d 842, 846 (Tex. App.—El Paso 2012, no pet.) (citing *Allstate Ins. Co. v. Watson*, 876 S.W.2d 145, 147 (Tex. 1994)). Coppock fails to provide sufficient evidence on any of the required elements. First, Coppock fails even to specify which of the twenty-seven prohibited acts under § 17.46(b) NSM allegedly violated. In her response, Coppock merely states "the Complaint is broad enough to include all violations [of] Art. 17.46, including subpart (20), a laundry list violation that incorporates breach of implied warranties." Resp. [#61] at 3. Section 17.46(b)(20) prohibits a party from "representing that a guarantee or warranty confers or involves rights or remedies which it does not have or involve . . . ." TEX. BUS. & COM. CODE § 17.46(b)(20). Coppock has provided no evidence NSM made any representations about any guarantees or warranties, and her claim therefore fails. To the extent Coppock asserts violations of § 17.46(b) generally, the Court declines to do Coppock's attorney's work for him by actually identifying the relevant subsection and locating evidence to support that violation. Moreover, Coppock has not provided evidence she relied on any supposed

deceptive or false act by NSM. Finally, Coppock has not provided evidence any deceptive or false act by NSM was a producing cause of Coppock's injury.

In sum, to the extent Coppock does not concede there is no evidence to support her claims, she simply fails to provide evidence to support her claims. Plainly put, Coppock's response is paltry, devoid of specificity, lacking in evidence, and inadequate to overcome NSM's motion. Consequently, the Court GRANTS NSM's motion for summary judgment, leaving only breach of the warranty of suitability for ordinary purposes and breach of the warranty of fitness for a particular purpose as the remaining claims against NSM.

### D.   NSM's Motion for Leave to Amend its Answer

NSM contends it disclaimed the warranties of fitness for a particular purpose and suitability for ordinary purposes in several written documents signed by Coppock. NSM alleged waiver as an affirmative defense in its Original Answer, but, according to NSM, the case law is unclear as to whether an affirmative defense of waiver includes a disclaimer of warranty. Therefore, NSM seeks leave to amend in order to "clarify its affirmative defense of waiver" by specifically including disclaimer. NSM's Mot. Leave [#59] at 2–3.

Consistent with its denial of Coppock's motion for leave to amend her complaint, the Court also denies NSM's motion for leave to amend its answer at this late stage of the litigation. The amended pleadings deadline was September 17, 2014, and NSM provides no good reason it did not amend its answer to explicitly include disclaimer in a timely manner. NSM suggests its motion to clarify stems from a recent Texas Supreme Court decision, which, according to NSM, indicates "disclaimer may not be included under the umbrella of 'waiver' as an affirmative defense that must be pleaded." *Id.* (citing *MAN Engines & Components, Inc. v. Shows*, 434 S.W.3d 132, 136 (Tex.

2014)). The Texas Supreme Court issued the *MAN Engines* decision, however, on June 6, 2014, more than three months before the amended pleadings deadline. If this case alters the law in the way NSM contends, it still had ample time to timely amend its answer. Instead, NSM waited ten months to actually move for leave to amend.

The Court concludes NSM has failed to show good cause, and the Court DENIES the motion for leave to amend the answer.

## Conclusion

Accordingly,

    IT IS ORDERED that Defendant Linak U.S., Inc.'s Motion for Summary Judgment [#44] is GRANTED;

    IT IS FURTHER ORDERED that Plaintiff Laurel Coppock's Second Motion for Leave to Amend Complaint [#47] is DENIED;

    IT IS FURTHER ORDERED that Plaintiff Laurel Coppock's Motion for Extension of Time to File Response [#48] is GRANTED;

    IT IS FURTHER ORDERED that Defendant National Seating and Mobility, Inc.'s No-Evidence Motion for Summary Judgment [#58] is GRANTED; and

    IT IS FINALLY ORDERED that Defendant National Seating and Mobility, Inc.'s Motion for Leave to File Amended Answer to Plaintiff's Second Amended Complaint [#59] is DENIED.

SIGNED this the 28th day of April 2015.

                */s/ Sam Sparks*
                SAM SPARKS
                UNITED STATES DISTRICT JUDGE